UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHERI FERRARO

V.                          Civil Action No. 3:14 cv 1673 (AWT)

NRA GROUP, LLC.                          August 28, 2015

PLAINTIFF'S MEMORANDUM SUPPORTING
JUDGMENT UPON SETTLEMENT

On June 4, 2015, the parties agreed to a settlement of the matter between them in this case for payment of $3,500, including damages, fees, and costs. Defendant has not paid despite ample time to do so.

THE AGREEMENT IS ENFORCEABLE BY JUDGMENT SUMMARILY

There is a strong public policy to encourage settlements and thereby avoid wasteful litigation. "Should a court system awash in backlog delay further the disposition of a case where there is convincing proof that a settlement has been reached?" Janneh v. GAF Corp., 887 F. 2d 432 (2d Cir. 1989). "As any litigator or judge can attest, the best case is a settled case....In a very real sense, all of the parties -- and the court as an institution -- win when litigation is settled amicably short of trial." Mathewson Corp. v. Allied Marine Ind., Inc., 827 F.2d 850, 852, 857 (1st Cir. 1987).

"Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit." Janus Films, Inc. v. Miller, 801 F.2d 578, 583 (2d Cir. 1986).

Settlement agreements are favored by the courts, which have inherent power to

enforce such agreements summarily, even if they had not been reduced to writing, as the settlement was herein. Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974); Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1371 (6th Cir. 1976; Autera v. Robinson, 419 F.2d 1197 (D.C. Cir. 1969); Nanni v. Dino Corp., 117 Conn. App. 61, 67, 978 A.2d 531, 535 (2009); DiMartino v. City of Hartford, 636 F. Supp. 1241, 1244 (D. Conn. 1986); MacDonald v. Dragone Classic Motor Cars, 2003 U.S. Dist. LEXIS 14587 (D. Conn. Apr. 29, 2003) ("[O]once reached, a settlement agreement constitutes a contract that is binding and conclusive and the parties are bound to the terms of the contract even if a party has a change of heart between the time of the agreement to the terms of the settlement and the time it is reduced to writing); Aquarion Water Co. v. Beck Law Prods. & Forms, LLC, 98 Conn. App. 234, 240, 907 A.2d 1274 (2006) ("The defendants assume that the court is precluded from finding the existence of an enforceable agreement if the parties engaged in further negotiations subsequent to the time of the agreement. We disagree"); Dap Fin. Mgmt. Co. v. Mor-Fam Elec., 59 Conn. App. 92, 97-98, 755 A.2d 925 (2000) ("The test of disputation, however, must be applied to the parties at the time they entered into the alleged settlement. To hold otherwise would prevent any motion to enforce a settlement from ever being granted").

The agreement in this case was made and confirmed by e-mail. No further writing was needed to effectuate it. Massey v. Town of Branford, 115 Conn. App. 153, 164, 971 A.2d 838 (2009) ("Notwithstanding the additional documents that the parties did not agree on, such as the release, the settlement agreement, alone, was enforceable"); Aquarion Water Co. v. Beck Law Prods. & Forms, LLC, 98 Conn. App. 234, 239, 907 A.2d 1274 (2006) ("Although the

parties did not sign the settlement agreement, that fact by itself is not significant"); Dyer v. Bilaal, 983 A.2d 349, 359 (D.C. 2009) ("Moreover, failing to agree upon the form and terms of a memorial does not invalidate an enforceable contract previously made between parties"); Dependahl v. Falstaff Brewing Co., 448 F. Supp. 813 (E.D. Mo. 1978); Read v. Baker, 438 F. Supp. 737 (D. Del. 1977). Summary enforcement is the norm. Meetings & Expositions, Inc., 490 F.2d at 717.

"It is well established that parties are bound to the terms of a contract even though it is not signed [or even written]." North Fork Country, LLC v. Baker Publications, Inc., 436 F. Supp. 2d 441, 444-45 (E.D.N.Y. 2006), citing Omega Eng'g, Inc. v. Omega, SA, 414 F. Supp. 2d 138, 148 (D. Conn. 2004), *aff'd,* Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437 (2d Cir. 2005).

"Put differently, '[t]he mere intention to commit an agreement to writing will not prevent contract formation prior to execution.' Winston v. Mediafare Entm't Corp., 777 F.2d 78, 80 (2d Cir.1985)" North Fork Country, 436 F. Supp. 2d at 445, also citing Ciaramella v. Reader's Digest Ass'n, Inc., 131 F.3d 320, 322 (2d Cir. 1997) ("parties are free to bind themselves orally, and the fact that they contemplate later memorializing their agreement in an executed document will not prevent them from being bound by the oral agreement").

In Connecticut it is clear that, in accord with federal precedent, the Court is authorized to summarily enter judgment in accordance with a settlement agreement. Audubon Assoc. Ltd. Partnership v. Barclay & Stubbs, 225 Conn. 804, 626 A.2d 729 (1993):

> A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous. *Gatz v. Southwest bank of Omaha,* 836 F.2d 1089, 1095 (8th Cir. 1988); see also J. Fischer,

> "Enforcement of Settlements: A Survey," 27 Tort & Ins. L.J. 82, 92 (1991). "Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit. A court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings." *Janus Films, Inc. v. Miller*, 801 F.2d 578, 583 (2d Cir. 1986); see also *Janneh v. GAF Corporation*, 887 F.2d 432, 436-37 (2d Cir.1989), cert. denied, 498 U.S. 865, 111 S.Ct. 177, 112 L.Ed.2d 141 (1990); *Meetings & Expositions, Inc. v. Tandy Corporation*, 490 F.2d 714, 717 (2d Cir. 1974). In *Janus Films, Inc. v. Miller, supra,* 583, Judge Newman, writing for the majority of the Second Circuit Court of Appeals, noted the important policy behind a court's power to enforce summarily a settlement agreement: "Due regard for the proper use of judicial resources requires that a trial judge proceed with entry of a settlement judgment after affording the parties an opportunity to be heard as to the precise content and wording of the judgment, rather than resume the trial and precipitate an additional lawsuit for breach of a settlement agreement. This authority should normally be exercised whenever settlements are announced in the midst of a trial."
> Summary enforcement is not only essential to the efficient use of judicial resources, but also preserves the integrity of settlement as a meaningful way to resolve legal disputes. When parties agree to settle a case, they are effectively contracting for the right to avoid a trial. "The asserted right not to go to trial can appropriately be based on a contract between the parties*." Janneh v. GAF Corporation, supra*, 436. "The essence of that right [cannot] be vindicated effectively after the trial has occurred." Id. To hold that a jury trial is a necessary predicate to enforcement of a settlement agreement would undermine the very purpose of the agreement. We hold that a trial court may summarily enforce a settlement agreement within the framework of the original lawsuit as a matter of law when the parties do not dispute the terms of the agreement. The defendants did not have a right to a jury trial in this case and the trial court properly rendered judgment in accordance with the settlement contract.

Id. at 811-12.

Once an agreement is reached, the parties cannot rescind the same. <u>Kelly v. Greer</u>, 365 F.2d 669 (3d Cir. 1966). The Court enforces the agreement because the parties are bound by its terms. <u>Kohl Indus. Park v. County of Rockland</u>, 710 F.2d 895, 903-04 (2d Cir. 1983). "[A] litigant can no more repudiate a compromise agreement than he could disown any other binding contractual relationship." <u>Dacany v Mendoza,</u> 573 F.2d 1075, 1078 (9th Cir. 1978).

"Courts are wary of disturbing settlements, because they represent compromise and conservation of judicial resources, two concepts highly regarded in American jurisprudence." <u>Anita Foundations v. ILGWU Nat'l Retirement F.</u>, 902 F.2d 185, 190 (2d Cir. 1990). It is beyond a court's discretion to add to or alter the terms or refuse to enforce a settlement, absent special circumstances not present here, such as illegality or fraud. <u>In re Air Crash Disaster</u>, 687 F.2d 626 (2d Cir. 1982).

## CONCLUSION

The Court should summarily enter judgment for plaintiff for $3,500 as requested.

THE PLAINTIFF

By____/s/ Joanne S. Faulkner

Joanne S. Faulkner ct04137
123 Avon Street
New Haven CT 06511
(203) 772-0395

Certificate of Service

I hereby certify that on August 28, 2015, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

___/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772 0395
j.faulkner@snet.net